**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4679**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO DEON FOZARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00446-FL-1)

Submitted:  March 18, 2025                    Decided:  June 12, 2025

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion. Judge Quattlebaum wrote a concurring opinion.

**ON BRIEF:** Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Deon Fozard pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347, 1349, and health care fraud, in violation of 18 U.S.C. §§ 1347, 2. The district court sentenced Fozard to 151 months' imprisonment and three years of supervised release. On appeal, Fozard's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Fozard received ineffective assistance of trial counsel. Fozard has filed a pro se brief and several supplements expanding on the ineffective assistance of trial counsel claims made in the *Anders* brief and also challenging his convictions and sentence. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Fozard's plea agreement. For the reasons explained below, we deny the Government's motion to dismiss, affirm Fozard's convictions, vacate his sentence, and remand for resentencing.

Although the appeal waiver in the plea agreement covers Fozard's right to appeal his convictions, it does not preclude our review of the validity of his guilty plea. *See United States v. Taylor Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) ("[T]he existence of [an appeal] waiver does not bar our review of the validity of the guilty plea."). Because Fozard did not move to withdraw his guilty plea or otherwise object to the adequacy of the Fed. R. Crim. P. 11 hearing in the district court, we review the validity of Fozard's guilty plea for plain error only. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). Having thoroughly reviewed the record, we conclude that the magistrate judge conducted a thorough Rule 11 colloquy and that any omissions did not affect Fozard's substantial rights. *See id.* at 762

2

(explaining substantial rights inquiry of plain error test in Rule 11 context).  We are also satisfied that Fozard was competent to enter his guilty plea and that his guilty plea was knowing, voluntary, and supported by an independent factual basis.  We thus affirm Fozard's convictions.[1]

Turning to Fozard's sentence, our review pursuant to *Anders* reveals a meritorious ground for appeal that falls outside the scope of Fozard's appeal waiver: the district court committed errors under *United States v. Rogers*, 961 F.3d 291, 297 (4th Cir. 2020) (holding that district court is required to orally pronounce at sentencing all discretionary conditions of supervised release).  *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (recognizing that a provision in a plea agreement waiving the right to appeal "*whatever sentence is imposed*" does not cover a defendant's argument that the district court violated *Rogers* because "the heart of [such a] claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been 'imposed' on the defendant").

"We review the consistency of an oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law."  *United States v. Bullis*, 122 F.4th 107, 112 (4th Cir. 2024) (alteration and internal quotation marks omitted).  During the sentencing hearing,

---

[1] Fozard's various pro se challenges to the validity of his guilty plea include: that he was not competent to plead guilty, that he was coerced into pleading guilty, that he received incorrect advice about his sentencing exposure before pleading guilty, that the Government withheld discovery, and that there was an insufficient factual basis for his guilty plea because there was no factual basis to support certain sentencing stipulations in the written plea agreement.  Having considered all of Fozard's pro se challenges to the validity of his guilty plea, we are satisfied that Fozard is not entitled to relief therefrom.

3

the district court briefly mentioned only two of the thirteen standard conditions of supervision that were specified in the written judgment. And the district court at sentencing did not purport to orally incorporate the other standard conditions of supervision. *See Bullis*, 122 F.4th at 118–19. Also, the written judgment contains special conditions of supervised release that were not pronounced at the sentencing hearing. *See id*. at 118.

When a district court includes in the written judgment a supervised release condition that was not orally pronounced, we generally vacate the defendant's entire sentence and remand for resentencing. *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.), *cert. denied*, 145 S. Ct. 208 (2024). Because we are constrained to employ that remedy here, we have no occasion to consider Fozard's pro se challenges to his sentence and whether those challenges are barred by the appeal waiver.

Finally, turning to the many ineffective assistance of trial counsel claims alleged in the *Anders* brief and Fozard's pro se submissions, we observe that the appeal waiver excepts claims of ineffective assistance of counsel not known to Fozard at the time of his guilty plea. Although there is a strong argument that nearly all of Fozard's ineffective assistance of trial counsel claims presented on appeal were known to him before he entered his guilty plea, we will assume for purposes of this appeal that he did not know about them at that time.

We review de novo an ineffective assistance of trial counsel claim that is made on direct appeal and "will reverse only if it *conclusively appears in the trial record itself* that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (alteration and internal quotation marks omitted);

4

*see United States v. Faulls*, 821 F.3d 502, 507–08 (4th Cir. 2016) ("Unless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal."). Because we conclude that any ineffectiveness of Fozard's trial counsel does not appear on the face of the present record, Fozard's ineffective assistance claims are not cognizable on direct appeal. Fozard should thus present these claims, if at all, in a 28 U.S.C. § 2255 motion to permit sufficient development of the record. *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal other than the *Rogers* errors. We therefore deny the Government's motion to dismiss, affirm Fozard's convictions, vacate his sentence, and remand for resentencing.

This court requires that counsel inform Fozard, in writing, of the right to petition the Supreme Court of the United States for further review. If Fozard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fozard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

5

QUATTLEBAUM, Circuit Judge, concurring:

I concur in the decision to affirm in part, vacate in part and remand. As to the special conditions, *United States v. Bullis*, 122 F. 4th 107, 118 (4th Cir. 2024) requires this result. I write to reiterate my concerns about our circuit's jurisprudence in this area. *See United States v. Kemp*, 88 F. 4th 539, 547–553 (4th Cir. 2023) (Quattlebaum, J., concurring). Requiring a full resentencing for the minor discrepancies in this case illustrates the problems with our approach. Despite those problems, I must go along with the remand here but only because our circuit's precedent compels it.